UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:12-CV-201

JEFFREY COHEN,
SUSAN COHEN,
JEFFREY COHEN, TRUSTEE OF THE
BENJAMIN COHEN IRREVOCABLE TRUST OF 1994, and
JEFFREY COHEN, TRUSTEE OF THE
ABRAHAM COHEN IRREVOCABLE TRUST OF 1994                    Plaintiffs,

v.

SHEF LYLE,
LYLE ENERGY PARTNERS, INC.,
LE BIOMASS PROJECT 1, and
LE PROJECT 2007-B, LLC                                     Defendants.

## MEMORANDUM OPINION

This matter is before the Court upon the Motion for Partial Summary Judgment of Plaintiffs Jeffrey Cohen, in his individual capacity and as Trustee of the Benjamin Cohen Irrevocable Trust of 1994 and the Abraham Cohen Irrevocable Trust of 1994, and Susan Cohen. (Docket No. 23.) Defendants Shef Lyle, Lyle Energy Partners, Inc., and LE Biomass Project 1 and LE Project 2007-B, LLC have responded. (Docket No. 24.) Plaintiffs have replied. (Docket No. 25.) This matter is now ripe for adjudication.

### BACKGROUND

Plaintiffs are investors who seek to recover their losses associated with their purchase of securities in LE Biomass Project 1 ("the Project") and LE Project 2007-B, LLC. Plaintiffs assert that they invested $100,000.00 in the Project, but later discovered that the capital was not used

1

for the benefit of the Project or its investors.[1] Instead, they allege, the capital was used to pay the indebtedness of an affiliated company, Lyle Energy and Development, Inc., contrary to the Confidential Information Memorandum ("the Memorandum"). (Docket No. 23-1 at 2.)

The parties agree that Defendants repaid $40,000.00 on June 29, 2012 and $20,000 on October 30, 2012, totaling $60,000. (Docket No. 23-1 at 2.) The Court now assesses the appropriate method of calculating the appropriate rate of interest on the unpaid principal balance of $40,000.00 owed to the Plaintiffs.

Plaintiffs ask the Court to find that Lyle Energy Partners, Inc. is indebted to them in proportion to their investments in the Project; specifically, they seek a recovery of $84,092.75 as of November 29, 2013, plus additional interest at the rate of 13.33% per annum from November 29, 2013 until the date of judgment, plus post-judgment interest. (Docket No. 23-6.) Defendants suggest that the appropriate method would instead calculate interest at 8% or 10% per annum. (Docket No. 24 at 2.)

**STANDARD**

Summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1] Defendants assert that this $100,000.00 was a loan, rather than an investment. However, they do not dispute that they defaulted upon this obligation, failing to repay the loan within the nine-month period established in the Memorandum. (Docket No. 24 at 1-2.) The Court need not address this issue in its consideration of the instant motion.

2

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; rather, he must present evidence on which the trier of fact could reasonably find for him. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996) (abrogated on other grounds by *Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012)). It is against this standard that the Court reviews the following facts.

## DISCUSSION

Although Ky. Rev. Stat. Ann. § 360.010 fixes the legal rate of interest at 8% per annum, it further provides that "any party or parties may agree, in writing, for the payment of interest in excess of that rate." Ky. Rev. Stat. Ann. § 360.010 (1).

The Court finds that the parties agreed to an interest rate of 10% per nine-month period, resulting in an annual interest rate of 13.33%. Here, the parties agreed to an interest rate above the statutory amount. The Memorandum explains the loan terms as follows:

> The loan term will be nine (9) months. The interest rate will be a flat ten (10%) percent. (Example: 1 Unit in the amount of $100,000 will earn $10,000 regardless if paid out prior to the nine (9) months or paid out at the end of the (9) month term.)

(Docket No. 23-2 at 2.)

3

Therefore, on its face, the Memorandum states that the interest rate is 10% per nine months. Annualizing the 10% for nine months yields an annual interest rate of 13.33% per annum, resulting in $84,092.75 due as of November 29, 2013, with $84,092.75 plus additional interest at the rate of $30.71 per day. The Court's calculation reflects the plain language of the Memorandum and resolves any ambiguity against the document's author—that is, the Defendants. *In re Delta America Re Insurance Co.*, 900 F.2d 890, 892 (6th Cir. 1990) ("IN interpreting disputed contract provisions, we generally start by attempting to discern the intent of the parties. We also generally resolve ambiguities against the drafter.")

Defendants contend that the Court may not order an interest rate exceeding 10% per annum, but this argument overlooks that the Memorandum does not designate a rate of 10% *per annum*; rather, the 10% rate applies to a nine-, not twelve-, month period. Moreover, the Court's analysis is not atypical: as Plaintiffs note, courts routinely annualize the interest rate of short-term loans. *See, e.g., Zahra v. Charles*, 639 F.Supp. 1405 (S.D. Mich. 1986); *Jordan River Resrouces, Inc. v. Jay & P, LLC*, 445 B.R. 657 (W.D. Mich. 2011).

Finally, equity and fairness demand that the interest rate be calculated at 13.33% per annum. Because the Defendants' method would diminish the applicable rate of interest upon maturity and default, Defendants would essentially receive a windfall by defaulting upon their obligations.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Partial Summary Judgment (Docket No. 23) is GRANTED. An appropriate order shall issue.