UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN

JEFFREY COHEN, et al.,     Plaintiffs,

v.     Civil Action No. 1:12-cv-000201-DJH-HBB

SHEF LYLE, et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed a motion to restore this case to the active docket and for leave to file an amended and supplemental complaint (Docket No. 51). Defendants have filed no response. However, because Plaintiffs have failed to pursue the proper statutory mechanism for the relief they seek, the motion to reopen will be granted, but the motion to amend will be denied.

### I.     BACKGROUND

On February 7, 2014, the Court entered partial summary judgment in favor of Plaintiffs and against Defendant Lyle Energy Partners, Inc., in the amount of $84,092.75 plus additional interest at the rate of 13.33% per annum from November 29, 2013, until the date of judgment, together with post-judgment interest thereon as allowed by law (DN 30).[1] On July 7, 2014, Plaintiffs obtained an order of garnishment to collect the above judgment (DN 39). The order of garnishment was served on Lyle Energy and Development, Inc. on August 17, 2014 (DN 41).

Plaintiffs assert that more than twenty days have passed since the order of garnishment was served on Lyle Development and that entity has failed to appear or otherwise respond (DN 51). Plaintiffs contend that Lyle Development is indebted to Lyle Partners, the judgment debtor,

---

[1] On September 19, 2014, the Court granted Plaintiffs' motion to dismiss certain claims without prejudice (DN 49). Yet the Court stated that "[n]othing in this order affects the partial summary judgment entered by the Court on February 7, 2014 [DN 31], which remains in full force and effect, or the Court's jurisdiction to enforce that judgment." (DN 49)

1

in an amount in excess of the judgment in favor of Plaintiffs. (*Id*.) For these reasons, Plaintiffs request that the Court restore this case to the active docket and allow them to file an amended and supplemental complaint. (*Id*.) Plaintiffs assert, pursuant to Ky. Rev. Stat. § 425.526, that they may amend their complaint to seek a judgment against Lyle Development in default for the sum which Lyle Partners owes to Plaintiffs. (*Id*.)

## II.  ANALYSIS

In pertinent part, Ky. Rev. Stat. § 425.526 provides: "[i]f a garnishee fails to make a disclosure satisfactory to the plaintiff, the latter may bring an action against him, by petition or amended petition." Here, however, the garnishee, Lyle Development, has not made a disclosure. Rather, Lyle Development has failed to appear or otherwise respond to the order of garnishment and would be considered in default. While a garnishee's default might appear to satisfy the unsatisfactory disclosure requirement of § 425.526, a different statute addresses, and distinguishes, garnishee *default* from a garnishee's unsatisfactory *disclosure*. That statute, Ky. Rev. Stat. § 425.511, empowers a court to (1) compel a garnishee in default to appear for examination; or (2) hear proof of any debt the defendant owes a garnishee and make an order as if what is proved had appeared on examination of the garnishee.

"Since right of garnishment is statutory, the statute must be strictly construed and adhered to and no presumption of jurisdiction indulged and none assumed beyond that which is expressly provided and conferred by statute, when strictly construed against the person resorting thereto." *See Ray v. Peter Fox Sons Co. of Ky.*, 114 S.W.2d 750, 753 (Ky. 1938) (strictly construing the predecessor statute of Ky. Rev. Stat. § 425.511 as the sole procedural remedy for a garnishee in default). Because § 425.511 specifically provides the remedy for a garnishee in default, the Court cannot grant the requested relief under § 425.526.

However, under the current facts, Plaintiffs may seek a remedy for Lyle Development's default through the process prescribed by Ky. Rev. Stat. § 425.511(2). Given that the Court has reopened the case, a motion for relief under § 425.511 may now be considered in the reinstated action. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiffs' motion to restore this action to the active docket (DN 51) is **GRANTED.** It is further **ORDERED** that Plaintiffs' motion for leave to file an amended and supplemental complaint (DN 51) is **DENIED**.

July 29, 2015

**David J. Hale, Judge**
**United States District Court**